Ethel ROTH, suing as a stockholder in the name and in behalf of Dreyfus Corporation, Plaintiff-Appellee,

v.

The FUND OF FUNDS, LTD., Defendant-Appellant,

and

Dreyfus Corporation, Defendant-Appellee,

and

I. O. S., Ltd. (S. A.) doing business as Investors Overseas Services, Defendant.

No. 27, Docket 32250.

United States Court of Appeals Second Circuit.

Argued Sept. 20, 1968.

Decided Dec. 6, 1968.

Certiorari Denied April 21, 1969. See 89 S.Ct. 1469.

Allan F. Conwill, New York City (Wilkie, Farr & Gallagher, and Vincent R. Fitzpatrick and Gilbert Sandler, New

York City, on the brief), for defendant-appellant.

Daniel A. Pollack, New York City (Pollack, Greenspoon & Singer, New York City), for plaintiff-appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff Ethel Roth, a stockholder of Dreyfus Corporation (Dreyfus), brought a stockholder derivative suit to recover short-swing "insider" profits made by The Fund of Funds, Ltd. (Fund), a Canadian corporation, on purchases and sales of common stock of Dreyfus on the New York Stock Exchange. The District Court granted her motion for summary judgment and directed judgment in favor of Dreyfus and against the Fund in the sum of $154,019.50 together with interest and costs. The Fund appeals.

The Fund, a mutual investment company and admittedly the beneficial owner of more than 10% of Dreyfus stock, made a profit on purchase and sale transactions within a six-month period in violation of Section 16(b) of the Securities and Exchange Act of 1934 which provides that:

> * * * any profit realized by [the beneficial owner of more than 10% of the outstanding shares of the issuer] from any purchase and sale * * * of any equity security of such issuer * * * within any period of less than six months * * * shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner * *. 15 U.S.C. § 78p(b)

The Fund concedes, as it must, that it comes within this provision and that the net profit it received on such transactions would "inure to * * * the issuer." However, it seeks to bring itself within the exemption to this provision contained in Section 30(b) of the Act.

That section, entitled Foreign Securities Exchanges, provides:

> The provisions of this chapter * * * shall not apply to any person insofar as he transacts a business in securities without the jurisdiction of the United States * * *. 15 U.S.C. § 78dd

The Fund contends that it comes within the literal words of the exemption because, as a mutual fund, it "transacts a business in securities" and, as its offices are in Geneva, Switzerland, it transacts this business "without the jurisdiction of the United States." However, Section 30(b) is inapplicable because when the Fund bought and sold the securities in question on the New York Stock Exchange, utilizing New York City stock brokers to execute its orders to buy and sell, and made payment for the purchases through a New York bank, it was not transacting a "business in securities without the jurisdiction of the United States." Kook v. Crang, 182 F.Supp. 388 (S.D.N.Y. 1960), heavily relied on by the Fund, dealt with a totally different situation where the transactions were effected outside the United States on the Toronto Stock Exchange. Moreover, it is more than doubtful whether "transacting a business in securities" can be read to cover the Fund's activities of investing in securities. Schoenbaum v. Firstbrook, 405 F.2d 200 (2d Cir. 1968).

The Fund's further argument that, quite apart from § 30(b), § 16(b) should not be read to apply to transactions by foreigners in securities of American corporations, although carried out in the United States, ignores the fact that the effect of this kind of insider trading is quite as great as when the trader is an American. Congress had power to deal with such transactions and there is no reason for doubting its intention to include them within the sweep of § 16(b). See United States v. Aluminum Co. of America, 148 F.2d 416, 443–444 (2d Cir. 1945).

Fund argues also that judgment should not have been granted insofar as its sales were to Dreyfus Corporation. However, the statute makes no exception

where the transaction giving rise to the profit occurred at the incentive of the issuer, and we are not disposed to create one.

The Fund also asserts that the District Court erred in granting summary judgment because there were material issues of fact as yet unresolved. The only such issue as to which the Fund raises any substantial point is the net amount of profit realized from the challenged transaction. However, this figure was uniquely within the knowledge of the Fund. The commission and any other proper deductions were known to the Fund and not to the plaintiff, and if the Court below relied on the amounts supplied by the defendant Fund, the Fund cannot attack that decision for its own failure to act.

The decision below is affirmed.